**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH**

**NORTHERN DIVISION**

| | |
|---|---|
| **NIOKA S. MARTIN,**<br><br>      **Plaintiff,**<br><br>**v.**<br><br>**FRESENIUS USA MANUFACTURING, INC.; WOLL MASCHINENBAU GmbH, a German corporation; and JOHN DOES 1 through 10,**<br><br>      **Defendants.** | **MEMORANDUM DECISION AND ORDER**<br><br><br>**Case No. 1:12-cv-0005-PMW**<br><br><br><br>**Magistrate Judge Paul M. Warner** |

      All parties in this case have consented to having United States Magistrate Judge Paul M. Warner conduct all proceedings in the case, including entry of final judgment, with appeal to the United States Court of Appeals for the Tenth Circuit.[1]  *See* 28 U.S.C. § 636(c); Fed. R. Civ. P. 73.  Before the court is Woll Maschinenbau GmbH's ("Woll") motion to dismiss.[2]  The court has carefully reviewed the written memoranda submitted by the parties.  Pursuant to civil rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will determine the motion on the basis of the written memoranda.  *See* DUCivR 7-1(f).

---

[1] *See* docket no. 14.

[2] *See* docket no. 4.

## BACKGROUND

The following background facts are taken from Nioka Martin's ("Martin") second amended complaint.  Martin was an employee of Fresenius USA Manufacturing, Inc. ("Fresenius") and worked as a fabricator.  Fresenius is a major provider of kidney dialysis services and renal care products.  On October 9, 2008, Martin was working in an area known as Line 1.  Line 1 contained infeeding-fiber crimper rollers.  Plaintiff's second amended complaint alleges that Woll is the manufacturer of the machine containing the crimper rollers.

As part of her job duties on Line 1, Martin was instructed by her supervisor to clean the hot crimper rollers.  Martin was trained and specifically instructed by her supervisor to remove the crimper guard shield to clean the crimpers while the hot steel rollers were rotating.  Martin was trained by her supervisor to keep the crimper running during cleaning because stopping it would require a series of other machines to halt production.  Martin expressed reservations about cleaning the crimper rollers while they were running because, on a previous occasion, the gloves that Fresenius provided to her got caught in the crimper rollers.  Instead of instructing Martin to use the gloves, her supervisor instructed her to clean the crimper rollers with the sleeve of her gown wrapped around her hand.  Martin proceeded to remove the crimper roller slide guard and clean the crimper rollers.  While Martin was cleaning the rollers, the right sleeve of her gown became entangled in the steel crimper rollers.  Before she suffered any injury, Martin immediately pulled the disengagement rope to stop the crimper rollers from rotating.  Despite multiple attempts of pulling the disengagement rope, the crimper rollers continued to pull Martin's sleeve down into the rollers.  As a result, three of Plaintiff's fingers on her right hand

2

were amputated by the crimper rollers.  Plaintiff was immediately taken to the hospital for care and treatment.

Later that same day, a member of the Utah Division of Occupational Safety and Health visited the Fresenius facility to examine the machine and interview other employees.  At the conclusion of his interviews and investigation, the Utah Division of Occupational Safety and Health representative determined that Martin was instructed to clean the machine in the manner described above and that other employees had removed the crimper roller slide guard while the crimper rollers were in operation.  As a result of the incident involving Martin, Fresenius was cited for serious safety violations.

On October 7, 2010, Martin filed her original complaint in state court, and on February 14, 2011, she filed an amended complaint.  In response, Fresenius filed a motion to dismiss.  The state court granted that motion and dismissed all of Martin's claims against Fresenius.  In its order, the state court noted that the ruling in favor of Fresenius had no effect on the John Does 1 through 10 named in Martin's amended complaint.  The state court provided Martin with sixty days to name a specific person or entity as a defendant.

On August 22, 2011, Plaintiff filed a second amended complaint, naming Woll as a defendant for the first time.  That complaint asserts four causes of action against Woll, including an independent cause of action for punitive damages.  On January 10, 2012, Woll removed the case to this court pursuant to 28 U.S.C. §§ 1441 and 1446 based on diversity jurisdiction.  The same day, Woll filed the motion to dismiss currently before the court.

3

## LEGAL STANDARDS

The following legal standards govern Woll's motion to dismiss, which seeks dismissal of Martin's complaint under rule 12(b)(6) of the Federal Rules of Civil Procedure.  *See* Fed. R. Civ. P. 12(b)(6).  In considering a motion to dismiss under rule 12(b)(6), the court "accept[s] all well-pleaded facts as true and view[s] them in the light most favorable to the plaintiff." *Jordan-Arapahoe, LLP v. Bd. of County Comm'rs*, 633 F.3d 1022, 1025 (10th Cir. 2011).  At the same time, the court is not required to accept conclusory allegations without supporting facts. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

In *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009), the United States Supreme Court recognized that while the pleading standard contained in rule 8 of the Federal Rules of Civil Procedure "does not require 'detailed factual allegations,'" it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Id*. at 1949 (quoting *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 555 (2007)).

> A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do."  Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."
>
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Id*. (quoting *Twombly*, 550 U.S. at 555, 557, 570) (alteration in original).

<u>**ANALYSIS**</u>

In its motion to dismiss, Woll argues that Martin's claims are time-barred by the relevant statute of limitations.  Woll also argues that Martin's claim for punitive damages should be dismissed because punitive damages cannot be pleaded as an independent cause of action.  The court will address those arguments in turn.

**I.  Statute of Limitations**

Woll argues that the applicable statute of limitations bars the causes of action Martin has alleged against Woll.  "[A] federal court, sitting in diversity cases and administering state law, must apply . . . substantive law of the forum state . . . ."  *Walker v. Armco Steel Corp.*, 592 F.2d 1133, 1135 (10th Cir. 1979); *see also Bradley v. Val-Mejias*, 379 F.3d 892, 897 (10th Cir. 2004) (applying forum state's statute of limitations in a diversity case).  Accordingly, the court must apply the relevant statute of limitations provided by Utah law.  Under Utah law, product liability actions are governed by a two-year statute of limitations.  *See* Utah Code § 78B-6-706; *see also Utah Local Gov't Trust v. Wheeler Mach. Co.*, 199 P.3d 949, 951-52 (Utah 2008).  Utah Code § 78B-6-706 provides that "[a] civil action under this part shall be brought within two years from the time the individual who would be the claimant in the action discovered, or in the exercise of due diligence should have discovered, both the harm and its cause."  Utah Code § 78B-6-706. Because each of Martin's claims against Woll are based on her allegation that the crimper was defective, that two-year statute of limitations applies in this case.

Woll argues that Martin knew of her injuries when they were caused by the allegedly defective crimper on October 9, 2008, the date of the industrial accident.  Accordingly, Woll

asserts that the two-year statute of limitations began running on that date and expired on October 9, 2010.  Because Martin did not name Woll as a defendant until August 22, 2011, Woll contends that the statute of limitations had expired, and all of Martin's claims against Woll are now time-barred.

In response, Martin argues that, despite the exercise of due diligence, she did not know of Woll's identity as the manufacturer of the crimper until August 2011, which was the same month Martin filed her second amended complaint naming Woll as a defendant.  Accordingly, Martin argues that the relevant statute of limitations did not begin to run until she discovered that Woll was the manufacturer of the crimper and, therefore, that her claims against Woll are not time-barred.

In its reply, Woll argues that Martin did not exercise due diligence in attempting to discover Woll's identity as the manufacturer of the crimper.  In support of that argument, Woll asserts that Martin has failed to present any evidence that she exercised due diligence.

In short, Woll's motion to dismiss comes down to a factual dispute over whether Martin exercised due diligence in attempting to discover the identity of Woll as the manufacturer of the crimper.  Such a highly fact-intensive issue prevents the court from granting Woll's motion to dismiss.  The court will leave for another day whether there are sufficient supporting facts available to support some other dispositive motion on this issue.

As the Utah Court of Appeals noted in *Aragon v. Clover Club Foods Co.*, 857 P.2d 250 (Utah Ct. App. 1993), "[d]ue diligence is a highly fact-sensitive determination best made by the trial court.  What constitutes due diligence must be tailored to fit the circumstances of each case.

It is that diligence which is appropriate to accomplish the end sought and which is reasonably calculated to do so." *Id*. at 253 (quotations and citations omitted). As previously noted, when considering a motion to dismiss under rule 12(b)(6), the court "accept[s] all well-pleaded facts as true and view[s] them in the light most favorable to the plaintiff." *Jordan-Arapahoe, LLP*, 633 F.3d at 1025. When the court accepts Martin's factual allegations, the court simply cannot conclude that she did not exercise due diligence. To the contrary, Martin alleges that she did in fact exercise due diligence, and the court is required to accept that allegation as true when considering Woll's motion to dismiss. *See id*. Furthermore, Woll's argument that Martin has failed to present evidence to indicate that she exercised due diligence misses the mark. Martin is not required to produce such evidence when defending against a motion to dismiss.

For these reasons, the court concludes that this portion of Woll's motion to dismiss is denied. Because the foregoing analysis is determinative of this portion of Woll's motion to dismiss, the court need not and will not reach Martin's argument about whether her second amended complaint relates back to the original complaint under rule 15 of the Federal Rules of Civil Procedure.

## II.  Punitive Damages

Woll is correct in asserting that there is no independent cause of action for punitive damages under Utah law. *See Norman v. Arnold*, 57 P.3d 997, 1001 n.2 (Utah 2002) ("[P]unitive damages cannot be pleaded as an independent cause of action. As a remedy, it must be requested in conjunction with a cognizable cause of action."); *DeBry v. Cascade Enters.*, 879 P.2d 1353, 1359 (Utah 1994) ("A punitive damage award is an additional remedy for the violation of a legal

7

duty giving rise to a cause of action based on that violation.  There is no cause of action as such for punitive damages.").  Based on that principle, Woll argues that Martin's independent claim for punitive damages should be dismissed.  Woll also argues that Martin cannot recover punitive damages because all of her other causes of action are time-barred.

Above, the court concluded that Martin's other claims against Woll survive dismissal. Accordingly, the court cannot say that Martin is unable to recover punitive damages on those claims.  With respect the Woll's other argument, the court is not persuaded that Martin's request for punitive damages must be dismissed simply because it is pleaded as a separate cause of action.  While the complaint could have been drafted more artfully, the court is willing to construe Martin's separate claim for punitive damages as part of her prayer for relief on her other causes of action.  For these reasons, this portion of Woll's motion to dismiss is likewise denied.

<u>CONCLUSION</u>

In summary, **IT IS HEREBY ORDERED** that Woll's motion to dismiss[3] is **DENIED**. **IT IS SO ORDERED**.

DATED this 25th day of April, 2012.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge

---

[3]  *See* docket no. 4.